IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:25-CR-00275-M

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | |
| | : | |
| **v.** | : | **MOTION FOR PRELIMINARY** |
| | : | **ORDER OF FORFEITURE** |
| **SHERMECA NIKOLE MCCRARY** | : | |

The United States of America, by and through the United States Attorney for the Eastern District of North Carolina, respectfully requests that the Court enter, pursuant to Fed. R. Crim. P. 32.2, the proposed Preliminary Order of Forfeiture filed herewith.

In support of this motion, the Government shows unto the Court the following:

1.  On October 22, 2025, the defendant was charged in a Criminal Information with offenses in violation of 18 U.S.C. §§ 641 and 2. The Criminal Information provided notice to the defendant that pursuant to 18 U.S.C. § 981(a)(1)(C), the United States would seek to forfeit any property with the requisite nexus to the offenses charged as set forth more particularly in the Forfeiture Notice, including but not limited to the below-listed property. The government also provided notice that, in the event such property cannot be located, it would seek to recover substitute assets pursuant to 21 U.S.C. § 853(p).

1

2. On November 24, 2025, the defendant pleaded guilty pursuant to a written plea agreement as to the entirety of the Criminal Information, charging the defendant with offenses in violation of 18 U.S.C. §§ 641 and 2. The Memorandum of Plea Agreement memorializes the defendant's consent to the forfeiture of the subject property.

3. Criminal forfeiture is a mandatory element of a defendant's sentence in cases where Congress has legislated forfeiture authority. *United States v. Blackman*, 746 F.3d 137, 143 (4th Cir. 2014). Federal Rule of Criminal Procedure 32.2(b)(1)(A) provides that as soon as practicable after an adjudication of guilt, "the court must determine what property is subject to forfeiture under the applicable statute" by ascertaining whether "the requisite nexus" or connection between the property and the offense exists or, if directly forfeitable property is unavailable, the equivalent "amount of money" that the defendant will be ordered to satisfy through the forfeiture of substitute assets. The Government's burden of proof as to the issue of forfeiture is by a preponderance of the evidence. *United States v. Tanner*, 61 F.3d 231, 234 (4th Cir. 1995). The Court may make its forfeiture determination based on "evidence already in the record, including any written plea agreement, and on any additional evidence submitted by the parties and accepted by the court as relevant and reliable," including in reliance on hearsay and circumstantial evidence. Fed. R. Crim. P. 32.2(b)(1)(B); *United States v. Herder*, 594 F.3d 352, 364 (4th Cir. 2010); *United States v. Ivanchukov*, 405 F. Supp. 2d 708, 709 n.1 (E.D. Va. 2005). Once a court determines that forfeiture is appropriate, the court "must promptly enter a preliminary order of

2

forfeiture setting forth the amount of any money judgment, directing the forfeiture of specific property, and directing the forfeiture of any substitute property if the government has met the statutory criteria." Fed. R. Crim. P. 32.2(b)(2)(A). In addition, the Preliminary Order of Forfeiture may contain a "General Order" of Forfeiture; to wit: a general description of all property subject to forfeiture in light of the defendant's conviction, which can later be amended if directly forfeitable assets are identified during post-conviction discovery. *See* Fed. R. Crim. P. 32.2(b)(2)(C); *United States v. BCCI Holdings (Luxembourg), S.A.*, 69 F. Supp. 2d 36, 43-44 (D.D.C. 1999).

4. Pursuant to 18 U.S.C. § 981(a)(1)(C), a defendant convicted of any offense constituting "specified unlawful activity" as defined by 18 U.S.C. §§ 1956(c)(7) and 1961(1), including, *inter alia*, violations of 18 U.S.C. § 641, shall forfeit any property, real or personal, which constitutes or is derived from proceeds traceable to the offense.[1] This civil forfeiture authority is made applicable to criminal proceedings

---

[1] Property is forfeitable as "proceeds" if it satisfies the "but for" test; that is, if the defendant "'would not have [obtained or retained the property] *but for* the criminal offense.'" *United States v. Farkas*, 474 F. App'x 349, 360 (4th Cir. 2012) (summarizing and quoting caselaw); 18 U.S.C. § 1956(c)(9) (defining proceeds as "property derived from or obtained or retained … through some form of unlawful activity"). The proper measure is the total gross receipts (not the net gain or profit realized) of any offense involving the illegal goods, illegal services, unlawful activities, and telemarketing and health care fraud schemes. 18 U.S.C. § 981(a)(2)(A). When a scheme to defraud fraud is charged, the total proceeds derived from the common scheme are forfeitable, including particular executions of the fraudulent scheme for which the defendant may not have been charged or convicted. *United States v. Lo*, 839 F.3d 777, 793 (9th Cir. 2016); *United States v. Venturella*, 585 F.3d 1013, 1017-18 (7th Cir. 2009); *United States v. Cox*, 851 F.3d 113, 128-29 (1st Cir. 2017). Strict tracing is not required insofar as the government need not link property to a particular illegal transaction but may trace proceeds to the charged course of conduct generally. *See United States v. Hailey*, 887 F. Supp. 2d 649, 653 (D. Md. 2012). Additionally, "the law does not demand mathematical exactitude in calculating the proceeds subject to forfeiture," but rather allows courts to "'use general points of reference as a starting point' for a forfeiture calculation and 'make

3

by virtue of 28 U.S.C. § 2461(c).

5.  Pursuant to the defendant's guilty plea along with the stipulations contained in the Memorandum of Plea Agreement and the entire record of the case, the Government requests that the Court enter, as the statute requires, a Preliminary Order of Forfeiture regarding the following directly forfeitable property in which the defendant (or any combination of defendants in this case) has or had a forfeitable interest:

Forfeiture Money Judgment:

a)  A sum of money in the amount of $102,000.00, representing the gross proceeds personally obtained by the defendant as a result of the offense(s) for which he/she has been convicted; and an amount for which the defendant shall be solely liable and in satisfaction of which the United States may forfeit substitute assets pursuant to 21 U.S.C. § 853(p)

General Forfeiture Order:

b)  Any other property, not identified above, that constitutes or is derived from proceeds traceable to the offense(s) of conviction in the Criminal Information;

---

reasonable extrapolations' supported by a preponderance of the evidence." *United States v. Roberts*, 660 F.3d 149, 166 (2d Cir. 2011) (citation omitted).

Respectfully submitted, this 27th day of February, 2026.

W. ELLIS BOYLE
United States Attorney


BY: */s/ Katherine A. King*
　　KATHERINE A. KING
Assistant United States Attorney
U.S. Attorney's Office, Civil Division
150 Fayetteville Street, Suite 2100
Raleigh, NC 27601
Telephone: (919) 856-4530
Facsimile: (919) 856-4821
E-mail: katie.king@usdoj.gov
N.C. State Bar No. 44525

Case 5:25-cr-00275-M　　Document 19　　Filed 02/27/26　　Page 5 of 6

**<u>CERTIFICATE OF SERVICE</u>**

I do hereby certify that I have this 27th day of February, 2026, served a copy of

the foregoing Motion for Preliminary Order of Forfeiture upon counsel electronically

via ECF and/or by placing a copy of the same in the U.S. Mail, addressed as follows:

Jonathan W. Trapp
Trapp Law, PLLC
Email: jonathanwtrapp@gmail.com


W. ELLIS BOYLE
United States Attorney


BY: */s/ Katherine A. King*
    KATHERINE A. KING
Assistant United States Attorney
U.S. Attorney's Office, Civil Division
150 Fayetteville Street, Suite 2100
Raleigh, NC 27601
Telephone: (919) 856-4530
Facsimile: (919) 856-4821
E-mail: katie.king@usdoj.gov
N.C. State Bar No. 44525

6